# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**LARRY REDMON,**

    Plaintiff-Appellant,

v.                                                                          Case No. 19-5395

**YOROZU AUTOMOTIVE**
**TENNESSEE, INC.,**

    Defendant-Appellee.

## APPELLEE'S UNOPPOSED MOTION TO STAY CASE
## PENDING THE DECISION OF THE UNITED STATES SUPREME COURT
## IN *BOSTOCK V. CLAYTON COUNTY*, *GEORGIA,* CASE NO. 17-1618 AND *ALTITUDE EXPRESS, INC. V. ZARDA*, CASE NO. 17-1623

Appellee, Yorozu Automotive Tennessee, Inc., respectfully moves this Court for an Order immediately staying further proceedings in this matter pending the decision of the United States Supreme Court in *Bostock v. Clayton County, Georgia*, Case No. 17-1618; *Altitude Express, Inc. v. Zarda*, Case No. 17-1623. Appellant, Larry Shane Redmon, does not oppose this Motion.

    **I.**     **INTRODUCTION**

The Supreme Court of the United States has agreed to decide the dispositive issue in this case—whether the prohibition in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) against employment discrimination "because of…sex" encompasses discrimination based on an individual's sexual orientation. Because the entire nature of this litigation going forward depends on whether Appellant has stated a claim for discrimination

because of sex pursuant to Title VII, judicial economy and the interests of the parties supports staying this case until the Supreme Court has decided the dispositive issue now before it.

II. **ARGUMENT**

   A. **The Issues Before the Supreme Court Are Completely Dispositive of the Issue in the Present Matter**

On April 22, 2019, the Supreme Court granted certiorari in three cases: *Bostock v. Clayton County, Georgia*, Case No. 17-1618; *Altitude Express, Inc. v. Zarda*, Case No. 17-1623; and *R.G. & G.R. Harris Funeral Homes v. EEOC*, Case No. 18-107. *Bostock* and *Zarda* are consolidated and present the question whether Title VII's prohibition on discrimination "because of…sex" covers discrimination because of sexual orientation.[1] *Harris Funeral Homes* asks whether the prohibition covers discrimination because of gender identity.

The question presented in *Bostock* and *Zarda* is precisely the question that Appellant is asking this Court to decide in the present matter "whether Appellant stated a claim of sex discrimination under Title VII by alleging that his employer subjected him to harassment, and ultimately terminated his employment, because of his sexual orientation, that is, treating his sexual attraction to men as disqualifying him from continued employment because he is a man." Br. of Appellant, p. 2, Doc. No. 20.

Both the present matter and the matters before the Supreme Court seek the answer to the question of whether discrimination due to an employee's sexual orientation violates Title VII's

---

[1] Specifically, the Question Presented in *Bostock* is "Whether discrimination against an employee because of sexual orientation constitutes prohibited employment discrimination 'because of . . . sex' within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2." Petition for a Writ of Certiorari at i, *Bostock*, No. 17-1618 (U.S. Petition for Cert. filed May 25, 2019). The Question Presented in *Altitude Express, Inc.,* is "Whether the prohibition in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), against employment discrimination 'because of...sex' encompasses discrimination based on an individual's sexual orientation." Petition for a Writ of Certiorari at i, *Altitude Express, Inc.*, No. 17-1623 (U.S. petition for cert. filed May 29, 2019).

prohibition on discrimination "because of … sex." The Circuits are split on this issue, and the Supreme Court's impending pronouncement will definitively provide the answer to this question.

Notably, the briefing schedule of these cases virtually mirrors that of the present matter. Specifically, in the aforementioned trio of cases, the Supreme Court has issued the following briefing schedule: Petitioner in No. 17-1618, respondents in No. 17-1623, and respondent Aimee Stephens in No. 18-107 shall file their briefs on the merits, pursuant to Rule 33.1(g)(v), on or before Wednesday, June 26, 2019. Respondent in No. 17-1618, petitioners in No. 17-1623, and petitioner and respondent EEOC in No. 18-107 shall file their briefs on the merits, pursuant to Rule 33.1(g)(vi), on or before Friday, August 16, 2019. Reply briefs, if any, pursuant to Rule 33.1(g)(vii), shall be filed on or before Monday, September 16, 2019.

In the present matter, Appellee's brief on the merits is due on July 19, 2019, and any Reply brief is due August 9, 2019. Doc. No. 14. Oral argument has not yet been set in any of these cases.

As such, it stands to reason that the decisions in these matters will be issued within a similar time frame, and any decision by this Court will be moot. Both Appellant and Appellee agree that the present matter should therefore be stayed to avoid unnecessary briefing and argument.

    **B.**    **This Court Should Stay the Matter Pending the Outcome of *Bostock* and *Altitude Express, Inc.***

The United States Supreme Court has long recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L.Ed. 153 (1936). Thus, "a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). Indeed, "(s)uch stays are entered quite routinely." *Walker v. Monsanto Co. Pension Plan,* 472

F.Supp.2d 1053, 1055 (S.D. Ill. 2006) (collecting cases).  In fact, a court may order such as stay *sua sponte* when it is clear that the outcome of a case before the Supreme Court may have broad implications for the case before it.  *Dare v. Wal-Mart Stores, Inc.,* 2003 WL 21147657 (D. Minn. 2003).

"In determining whether to stay an action under its inherent authority, a court must weigh the competing interests of and possible harms to the parties." *Stokes v. RealPage, Inc*., 2016 WL 9711699, at *1 (E.D. Pa. Jan. 25, 2016) (citing *Rhodes v. Indep. Blue Cross*, 2012 WL 447544, at *3 (E.D. Pa. Feb. 9, 2012) (citing *Dimensional Music Publ'g, LLC v. Kersey*, 448 F. Supp. 2d 643, 655 (E.D. Pa. 2006))). *See also Michael v. Ghee*, 325 F. Supp. 2d 829, 833 (N.D. Ohio 2004) (granting motion to stay where parties' effort "would be wasted and unnecessary if the defendants' view prevails in the Supreme Court. Any interim victory plaintiffs might have reached here in the meantime would have been temporary and meaningless").

In making such a determination, a Court should weigh the following factors: "whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." *Stokes*, 2016 WL 9711699, at *1 (quoting *Airgas, Inc. v. Cravath, Swaine & Moore, LLP*, 2010 WL 624955, at *3 (E.D. Pa. Feb. 22, 2010)). *See also* Hillson v. Kelly Servs., Inc., No. 2:15-CV-10803, 2015 WL 4488493, at *1 (E.D. Mich. July 15, 2015) ("The Court finds that a stay is warranted, inter alia, because *Spokeo* has the high potential to be completely dispositive of the instant case1 and because judicial economy favors a limited delay in awaiting the *Spokeo* decision"); *Springdale Mem'l Hosp. Ass'n, Inc. v. Bowen,* 1986 WL 68482, at *4 (W.D. Ark. Nov. 25, 1986) (granting stay where "proceeding on the merits in this case may result in a waste of judicial resources" and would not prejudice either party).

These factors weigh heavily in favor a stay in the present matter. As set forth previously, Appellant does not oppose the stay. Thus, the proposed stay would certainly not prejudice the non-moving party. Indeed, the grant of the Motion and entry of a stay would protect Appellant from needlessly being required to draft a Reply Brief and prepare for and attend oral argument in a matter that will be decided by the Supreme Court either before or shortly after any decision in the present matter is issued. Similarly, Appellee would suffer the hardship of drafting a Response Brief and preparing for and attending oral argument in a matter that will be moot.

Finally, the grant of the stay will certainly further the interest of judicial economy, as this Court will avoid the arduous task of deciding this complicated legal question. It is undisputed that the issue on appeal in the present matter will be definitively decided by the Supreme Court; it makes little sense for this Court to expend energy and resources on this case, given that the outcome will soon be controlled by the impending decision of the Supreme Court of the United States. Whether the Supreme Court will decide this issue is not speculative or far-flung; to the contrary, the Supreme Court has already received opening briefs on this issue, and will certainly render a decision within the next term. It is hard to conceive of a case more suited to a stay than the present one, as both parties and the interests of judicial economy are aligned in favor of a stay.

### III.     CONCLUSION

For the foregoing reasons, Appellee, Yorozu Automotive Tennessee, Inc., respectfully requests that the Court grant the instant Unopposed Motion for Stay.

Dated this 1st day of July 2019.

Respectfully submitted,

*/s/ Jennifer S. Rusie*
Jennifer S. Rusie
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
SunTrust Plaza, Suite 1200
401 Commerce Street
Nashville, TN 37219
(615) 254-1900
(615) 254-1908 (facsimile)
jennifer.rusie@odnss.com

Counsel for Appellee
Yorozu Automotive Tennessee, Inc.

**Certificate of Service**

I certify that on July 1, 2019, a true and correct copy of the foregoing was served via the Court's electronic filing system, on counsel for the Plaintiff/Appellant at the following address:

Joyce Cooper, Esq.
Agee Owens & Cooper
110 N. Spring ST.
McMinnville, TN  37110
jcooper@ageeowenslaw.com

*/s/ Jennifer S. Rusie*
Jennifer S. Rusie

39083882.1

39083882.1