No. 19-5395
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

LARRY REDMON,
Plaintiff-Appellant,

v.

YOROZU AUTOMOTIVE
TENNESSEE, INC.,
Defendant-Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE, WINCHESTER DIVISION
DISTRICT COURT NO. 4:18-cv-00038

---

BRIEF OF DEFENDANT-APPELLEE YOROZU AUTOMOTIVE
TENNESSEE, INC.

---

Jennifer S. Rusie
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
SunTrust Plaza, Suite 1200
401 Commerce Street
Nashville, TN 37219-2446
Telephone: 615.254.1900

Attorneys for Defendant-Appellee
Yorozu Automotive Tennessee, Inc.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**LARRY REDMON,**

    **Plaintiff-Appellant,**

v.                                                                           **Case No. 19-5395**

**YOROZU AUTOMOTIVE TENNESSEE, INC.,**

    **Defendant-Appellee.**

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Yorozu Automotive Tennessee, Inc. makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

    No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

    No.

*s/ Jennifer S. Rusie*                                                           August 21, 2020
Jennifer S. Rusie                                                                    Date

# **TABLE OF CONTENTS**

Disclosure of Corporate Affiliations and Financial Interest ………………………ii

Table of Contents ……………………………………………………………………iii

Table of Authorities …………………………………………………………… iv

Statement Regarding Oral Argument …………………………………………………..v

Summary of the Argument ……………………………………………….……1

Argument ……………………………………………………………………….……2

Conclusion ……………………………………………………………………..…..3

Certificate of Compliance ……………………………………………………..…...5

Certificate of Service ……………………………………………………….…..6

Appellee's Designation of Relevant District Court Documents ……………….……7

# TABLE OF AUTHORITIES

CASES                                                                                                           PAGE(S)

*Altitude Express, Inc. v. Zarda* (No. 17-1623)
(U.S. petition for cert. filed May 29, 2019)……………………………………...2, 3

*Bostock v. Clayton County, Georgia* (No. 17-1618)
590 U.S. _, 33 (2020)………………….....………….…………………….2, 3

*Gilbert v. Country Music Ass'n, Inc.*,
432 Fed. Appx. 516, 530 (6th Cir. 2011)…………………………………………2

*R.G. & G.R. Harris Funeral Homes, Inc. v. EEOC*, No. 18-107……………..…3

*Tillmon v. Hemingway*,
20 Fed. Appx. 482 (6th Cir. 2001)…………………………………………..3

FEDERAL STATUTE:
Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-2)…………………2

STATE STATUTE:
Tennessee Human Rights Act……………………………………………………2

# **STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Rule 34 of the Federal Rules of Appellate Procedure and the Rules of the Sixth Circuit Court of Appeals, the Appellee submits that oral argument is unnecessary in this case.

## SUMMARY OF ARGUMENT

Due to the intervening change in law, Defendant-Appellee agrees with Plaintiff-Appellant that the present matter should be remanded to the district court to proceed on the merits.

## ARGUMENT

On June 21, 2018, Plaintiff filed a Complaint in the District Court for the Eastern District of Tennessee, alleging that he was terminated due to his sexual orientation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Tennessee Human Rights Act ("THRA"). [District Court Dkt. 1]. Plaintiff also raised state law claims for negligent hiring and tortious interference with business relationships. *Id.*

On March 29, 2019, the District Court for the Eastern District of Tennessee granted Defendant's Motion to Dismiss. [District Court Dkt. 21]. In doing so, the District Court noted that, pursuant to binding Sixth Circuit precedent, "Title VII's prohibition against 'sex' discrimination does not include a prohibition against 'sexual orientation' discrimination." [Id. at p. 6 (citing *Gilbert v. Country Music Ass'n, Inc.*, 432 Fed. Appx. 516, 530 (6th Cir. 2011)). The District Court also declined to exercise supplemental jurisdiction over Plaintiff's state law claims. [Id.]

On July 1, 2019, this Court granted Defendant-Appellee's Motion to Hold Case in Abeyance pending the Supreme Court's decision on the petitions for certiorari in *Bostock v. Clayton County, Georgia* (No. 17-1618) and *Altitude Express, Inc. v. Zarda* (No. 17-1623).

On June 15, 2020, the Supreme Court of the United States issued a decision in *Bostock v. Clayton County, Georgia*, No. 17-1618, together with *Altitude Express,*

*Inc. v. Zarda, et al.,* No. 17-1623, and *R.G. & G.R. Harris Funeral Homes, Inc. v. EEOC*, No. 18-107.  In *Bostock*, the Supreme Court held that "In Title VII [of the Civil Rights Act of 1964, as amended], Congress adopted broad language making it illegal for an employer to rely on an employee's sex when deciding to fire that employee.  We do not hesitate to recognize today a necessary consequence of that legislative choice:  An employer who fires an individual merely for being gay or transgender defies the law."  590 U.S. __, 33 (2020).

While Defendant-Appellee denies that it terminated Plaintiff-Appellant's employment due to his sexual orientation, in light of the Supreme Court's decision in *Bostock* and the intervening change of law, Defendant-Appellee agrees with Plaintiff-Appellant that this case should be remanded to the district court to proceed on the merits.  *See Tillmon v. Hemingway*, 20 Fed. Appx. 482 (6th Cir. 2001).

Dated this 21st day of August 2020.

                                              Respectfully submitted,

                                              *s/ Jennifer S. Rusie*
                                              Jennifer S. Rusie
                                              OGLETREE, DEAKINS, NASH,
                                              SMOAK & STEWART, P.C.
                                              SunTrust Plaza, Suite 1200
                                              401 Commerce Street
                                              Nashville, TN 37219
                                              (615) 254-1900
                                              (615) 254-1908 (facsimile)
                                              jennifer.rusie@ogletree.com

                                              Counsel for Defendant-Appellee

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation provided in Fed. R. App. P. 32(a)(7)(B). The foregoing brief contains 403 words of Times New Roman (14 point) proportional type. The word processing software used to prepare this brief was Microsoft Word 2016.

*/s Jennifer S. Rusie*
Jennifer S. Rusie

## CERTIFICATE OF SERVICE

I certify that on August 21, 2020, a true and correct copy of the foregoing was served via the Court's electronic filing system, on counsel for the Plaintiff-Appellant at the following address:

>Joyce Cooper, Esq.
>Agee Owens & Cooper
>110 N. Spring ST.
>McMinnville, TN  37110
>jcooper@ageeowenslaw.com

>*s/ Jennifer S. Rusie*
>Jennifer S. Rusie

# No. 19-5395
# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**LARRY REDMON,**
Plaintiff-Appellant,

v.

**YOROZU AUTOMOTIVE TENNESSEE, INC.,**
Defendant-Appellee.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, WINCHESTER DIVISION
## DISTRICT COURT NO. 4:18-cv-00038

## DEFENDANT-APPELLEE'S DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Comes the Appellee, Yorozu Automotive Tennessee, Inc., through undersigned counsel, pursuant to Sixth Circuit Rule 28 and 30, and hereby designates the following relevant district court documents.

| **Description of Item** | **Date** | **Record Entry** |
| --- | --- | --- |
| Complaint | 06/21/2018 | Dkt. 1 |
| Memorandum Opinion granting Defendant's Motion to Dismiss | 03/29/2019 | Dkt. 21 |